**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| HBA MOTORS, LLC, | : | Case No. 1:21-cv-624 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| ARMAND BRIGANTE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER DENYING WITHOUT PREJUDICE
MOTION FOR ENTRY OF DEFAULT (Doc. 26)**

This civil case is before the Court on Plaintiff HBA Motors LLC's motion for entry of default against Defendant Armand Brigante, a.k.a "Ismail Shalash" and "Mustafa Shalash" (Doc. 26). Defendant has not responded.

The Court previously described the factual background of this case when granting Plaintiff's motions for temporary restraining order and for preliminary injunction. (*See* Docs. 15, 25). It is unnecessary to reiterate any of those facts here, as Plaintiff's motion for entry of default must be denied for failure to comply with procedural rules.

Federal Rule of Civil Procedure 55 governs default and default judgment. Before seeking any default judgment, a party must first seek an entry of default from the Clerk. Fed. R. Civ. P. 55(a). *See also Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986) ("entry of default is just the first procedural step on the road to obtaining a default judgment"); *Johnson v. United States Dep't of Treasury (Internal Revenue Serv.)*, No. 3:18-CV-185, 2021 WL 640492, at *1 (S.D. Ohio Jan. 13,

2021) (collecting authorities).  "An entry of default and a default judgment are distinct events that require separate treatment." *Ramada Franchise Sys., Inc. v. Baroda Enterprises, LLC*, 220 F.R.D. 303, 304 (N.D. Ohio 2004).  Only <u>after</u> the Clerk enters default, may a party seek a default judgment.  *See* Fed. R. Civ. P. 55(b)(1) (requesting default judgment from Clerk for sum certain); Fed. R. Civ. P. 55(b)(2) (moving for default judgment from the Court "in all other cases").

In the motion for entry of default, Plaintiff "respectfully moves the Court, under Fed. R. Civ. P. 55(a) to enter default judgment." (Doc. 26 at 1).[1]  No default has been entered in this case because Plaintiff filed a motion directed at the Court, not the Clerk, for an entry of default.  *See* Fed. R. Civ. P. 55(a).  Instead of filing a motion with the Court, Plaintiff should have filed an application with the Clerk for an entry of default.

Based on the foregoing, Plaintiff's motion for entry of default (Doc. 26) is **DENIED without prejudice.**  Plaintiff should first apply for an entry of default with the Clerk.  Then, only <u>after</u> receiving an entry of default, may Plaintiff seek default judgment pursuant to Rule 55(b).

**IT IS SO ORDERED.**

Date:   9/7/2022                                                              *s/Timothy S. Black*
                                                                                      Timothy S. Black
                                                                                      United States District Judge

---

[1] Buried in its conclusion, Plaintiff "requests that the Clerk of Court issue an entry of default and enter default judgment." (Doc. 26-1 at 4).  However, this would not put the Clerk on notice of Plaintiff's intent to apply to the Clerk for an entry of default.  Nor is this request procedurally proper under Rule 55.